UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES MOORE | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. 11-619-JJB-RLB |
| | : | |
| UNITED PARCEL SERVICE | : | |
| COMPANY OF DELAWARE, et al | : | |

## ORDER

This matter is before the court on a Motion for Reconsideration filed by the plaintiff (rec. doc. 36). A Motion to Compel was filed by the plaintiff on February 25, 2013 (rec. doc. 24). That motion was opposed by the defendant (rec. doc. 26). Simultaneous with the filing of the Motion to Compel, the plaintiff filed a Motion for Expedited Hearing on his Motion to Compel (rec. doc. 25). The court granted that motion and set a hearing on the Motion to Compel as requested by the plaintiff for March 13, 2013. Counsel for the plaintiff failed to appear when the matter was called (rec. doc. 28). Counsel for the defense was present in court for the purpose of opposing the plaintiff's Motion to Compel.

Following the scheduled hearing, the court considered the matter submitted on the briefs and denied the Motion to Compel (rec. doc. 29). As indicated in that order, Rule 37 of the Federal Rules of Civil Procedure governs such motions. Likewise, Rule 37 specifically addresses the payment of expenses when such motions are granted or denied.

In denying the plaintiff's motion, the court awarded reasonable costs, expenses and fees to the defendant in opposing the motion not to exceed $300. The Motion for Reconsideration

1

suggests that the exercise of the court's inherent power to sanction certain conduct was improperly exercised in this case and that exercising such power would require that the plaintiff had acted in "bad faith."[1] Following the filing of the Motion for Reconsideration, the court stayed the imposition of expenses and fees and set this matter for a hearing.

As a threshold matter, the court notes that plaintiff's argument set forth in his Motion for Reconsideration fails to recognize the difference between the court's inherent power to sanction conduct vs. the imposition of expenses, including attorney's fees, required when a motion to compel is denied. See Tollett v. City of Kemah, 285 F.3d 357, 363 (5th Cir. 2002) (distinguishing between imposition of sanctions pursuant to Rules 11, 37 or the inherent power of the court). It is Rule 37 that is at issue in this matter.

Under Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure, if a motion to compel discovery is denied, the court must require the moving party or its attorney or both to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees, unless the motion was substantially justified or other circumstances make an award of expenses unjust.[2] The imposition of these expenses is to follow an "opportunity to be heard."[3]

---

[1] Plaintiff originally filed an Objection to the District Court "pursuant to FRCP 76(a)" (rec. doc. 30). This objection was denied without prejudice and the plaintiff was directed to first present the matter to the magistrate judge by way of a motion for reconsideration (rec. doc. 31).

[2] In a post hearing submission, plaintiff argues that Rule 37 requires a separate motion by the prevailing party in order for fees and expenses to be imposed. No such requirement exists. Plaintiff argues that for the defendant to receive expenses and fees, it is required to file a motion for a protective order under Rule 26 (rec. doc. 34, p.3). Again, the plain language of Rule 37 has no such requirement. The only support plaintiff provides is showing other provisions in the Rules of Civil Procedure that do require a motion by the party. Obviously, if the intent of the Rule was to include such a requirement with respect to Motions to Compel discovery under Rule 37(a), it would simply say so.

[3] The plain language of the Rule requires only the "opportunity" to be heard. The court notes that a hearing was set on the Motion to Compel on March 13, 2013, as requested by the plaintiff. Counsel for the defendant was present for the hearing but counsel for the plaintiff failed to appear. Because the court subsequently allowed both sides to address the imposition of expenses and fees on April 26, 2013, the court need not determine if the

At the hearing on April 26, 2013, counsel for the defendant provided an affidavit establishing expenses incurred as a result of opposing the plaintiff's motion and thereafter preparing for and attending the hearing on the motion. The hourly rate for attorney's fees submitted by the defendant was $195 per hour.

Also at the hearing, counsel for the plaintiff was provided an opportunity to be heard regarding the applicability of either of the exceptions to the mandatory imposition of such expenses and fees. The plaintiff stated that his position had been set forth in the brief submitted and he did not need additional argument.

For the reasons set forth in the Order denying the Motion to Compel, the court does not find that the plaintiff's motion was substantially justified. Notably, there was no request to the court to extend the previously imposed discovery deadlines (which had already been extended once), no formal discovery request was timely made by the plaintiff to the defendant, and the Motion to Compel itself was not timely made. In summary, the plaintiff sought the court to order the defendant to do something contrary to the court's existing scheduling order as well as contrary to the Rules of Civil Procedure. Such a position is not substantially justified.

In addition, also for the same reasons the Motion to Compel were denied, there is nothing before the court to support a determination that the award of expenses would be unjust. Requiring the movant to bear the reasonable expenses and fees incurred by the defense is appropriate.

The court asked Mr. Courtney Wilson, counsel for the plaintiff, whether he had a position regarding the reasonableness of $195 per hour for this type of work in the Middle District of

---

defendant's failure to appear on March 13, 2013 was a sufficient "opportunity" to be heard.

Louisiana. Mr. Wilson informed the court "I've never been paid an hourly rate. I have no idea." Upon the suggestion by the court that Mr. Wilson had in fact requested and received attorney's fees in connection with a discovery dispute in the Middle District of Louisiana based on a proposed hourly rate, he replied "I've never moved for sanctions and I've never received sanctions as far as I can remember." He took no position as to the reasonableness of this rate.

The court notes that notwithstanding his recollection, Mr. Wilson has previously requested $562.50 in discovery sanctions in the Middle District of Louisiana and submitted a rate of $250 per hour for his time. See Woods v. State of Louisiana, Civ. No. 07-913-JJB-SCR, 2009 WL 1406993 (May 19, 2009) (awarding plaintiff's counsel $250 pursuant to Rule 37 based on his representation that his rate was $250 per hour) (rec. doc. 37-2 in 07-913-JJB-SCR). Based on the sworn affidavit of the attorney for the defense, the fees awarded by this court in other matters, and the plaintiff's representation in 2009 of a rate of $250 per hour, the court finds that the rate of $195 per hour presented by the defense is reasonable.

A review of the opposition to the motion to compel and the related time spent defending the motion more than supports the court's previous order of $300. Indeed, the amount imposed by the court is consistent with similar cases within this district.[4]

**IT IS ORDERED** that the defendant's Motion for Reconsideration is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the court's Order denying the Motion to Compel (rec. doc. 29) is hereby **REINSTATED** regarding the imposition of expenses and fees for the

---

[4] Green v. United States, No. 08-176-FJP-SCR, 2009 WL 1668376 (M.D. La. June 11, 2009) (denying defendant's motion to compel and plaintiff awarded expenses including attorney's fees incurred in the amount of $200); Brashears v. Swift Transportation, No. 11-401-JJB-SCR, 2012 WL 1856500 (M.D. La. May 21, 2012) (denying defendant's motion to compel and plaintiff awarded attorney's fees of $300); Willis v. United States, No. 11-708-BAJ-SCR, 2012 WL 5472032 (M.D. La. Nov. 9, 2012) (denying plaintiff's motion to compel and defendant awarded reasonable expenses in the amount of $300).

reasons set forth herein.  The defendant is awarded $300 in reasonable expenses and fees incurred in opposing the plaintiff's Motion to Compel, to be paid by the plaintiff within 10 days.

Signed in Baton Rouge, Louisiana, on May 13, 2013.

							 /s/

						**RICHARD L. BOURGEOIS, JR.**
						**UNITED STATES MAGISTRATE JUDGE**