UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JAMES MOORE

VERSUS

UNITED PARCEL SERVICE
COMPANY OF DELAWARE AND/OR
UNITED PARCEL SERVICE INC.

CIVIL ACTION

NO. 11-CV-00619-SDD-RLB

**RULING**

Before the Court is United Parcel Service Company of Delaware and/or United Parcel Service Inc.'s ("UPS") *Motion to Strike*[1] statements contained in "Plaintiff's Statement of Controverting Facts and Incorporated Declaration Under Penalty of Perjury" and the Investigative Report of Kenneth M. Holmes. For the following reasons, the Court GRANTS UPS's motion.

**I.   Brief Procedural Background**

On April 1, 2013, UPS filed a *Motion for Summary Judgment*.[2] On May 8, 2013, Plaintiff filed a fully cited opposition memorandum[3] to which UPS replied.[4] Attached to his opposition memorandum, Plaintiff filed a "Statement of Controverting Facts and Incorporated Declaration Under Penalty of Perjury" ("Declaration")[5] and an "Investigative Report of Kenneth M. Holmes"

---

[1] Rec. Doc. 50.
[2] Rec. Doc. 32.
[3] Rec. Doc. 44. Plaintiff had originally filed an opposition memorandum without citations but was granted leave to file a corrected memorandum. (Rec. Doc. 41).
[4] Rec. Doc. 51.
[5] Rec. Doc. 44-1.

("Investigative Report").[6]  On May 23, 2013, UPS filed the pending motion to strike the Declaration and Investigative Report.  On June 13, 2013, Plaintiff timely filed a memorandum in opposition[7] to UPS's motion to strike.

## II.  Analysis

Rule 12(f) provides the Court with the authority to strike immaterial matter from pleadings.[8]  Although motions to strike are generally disfavored, it is the Court's position that the Declaration and Investigative Report should be stricken.[9]  UPS contends that Plaintiff's Declaration should be stricken from the record because it is not based on personal knowledge, fails to set forth facts that would be admissible in evidence, and attempts to create factual issues by contradicting sworn testimony.  According to UPS, the Investigative Report should also be struck because it lacks reliability, personal knowledge, and contains unsworn statements.  Plaintiff raised numerous arguments in response.

The overarching problem here is that Plaintiff has intertwined his Declaration made under penalty of perjury with his statement of controverting facts.  By combining these two documents, the Court cannot ascertain which statements are to be treated as "declarations" and which should be treated as "statements of fact."[10]  Plaintiff's opposition filings contain numerous statements

---

[6] Rec. Doc. 44-4.
[7] Rec. Doc. 54.
[8] FED. R. CIV. P. 12(f).
[9] *U.S. v. Cushman & Wakefield, Inc.*, 275 F.Supp.2d 763, 767 (N.D. Tex. 2002)(citing *Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962)).
[10] For instance, in Plaintiff's opposition memorandum he argues that Defendant's hearsay argument should fail "because references to deposition testimony, etc. is obviously not intended to be a matter of

and references to materials which would not be admissible and are, therefore, objectionable.[11] Likewise, the Declaration contains numerous statements that are not based on firsthand knowledge of the declarant or which purports to set out facts which would not be admissible.[12] This has caused confusion and placed an unnecessary burden and responsibility on the Court. Therefore, the Court will grant UPS' motion to strike Plaintiff's Declaration. However, the Court will grant Plaintiff fifteen (15) days from the date of this *Order* to file a corrected statement of facts and, should he elect to do so, a separate and distinct Declaration in an effort to alleviate the confusion.

As for the Investigative Report, in his opposition memorandum Plaintiff abandoned all video observations made at the Zapp's Gonzales factory within the Investigative Report; therefore, these video observations will not be considered by Court. As to the remainder of the investigative report, the Court finds that the failure to identify the subjects of the video with particularity renders the report to be ambiguous and unreliable. Although two females are captured in the investigator's video, contrary to Plaintiff's position, it is not appropriate for the Court to make assumptions as to the identities of these individuals. Therefore, the Court will strike Plaintiff's Investigative Report.

---

plaintiff's declaration, but of the controverting statement." (Rec. Doc. 54, p. 7). Although this may be a clear line of reasoning for the Plaintiff, it is not so obvious to the Court.
[11] FED. R. CIV. P. 56(c)(2).
[12] FED. R. CIV. P. 56(c)(4).

## III.   Conclusion

Accordingly, the Court hereby **GRANTS** United Parcel Service Company of Delaware and/or United Parcel Service Inc.'s *Motion to Strike*[13] statements contained in "Plaintiff's Statement of Controverting Facts and Incorporated Declaration Under Penalty of Perjury" and the Investigative Report of Kenneth M. Holmes.  Plaintiff shall have fifteen (15) days from the date of this *Order* to file a corrected statement of facts and a separate declaration.

Baton Rouge, Louisiana, this 20th day of June 2013.

*[signature]*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[13] Rec. Doc. 50.